UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| LIFEPOINT CORPORATE SERVICES GENERAL PARTNERSHIP, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WELLCARE HEALTH INSURANCE COMPANY OF KENTUCKY, INC., <br><br> Defendant. | Case No. 3:22-cv-00029-GFVT <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Lifepoint's motion to certify the Court's Order denying its motion to remand for interlocutory appeal. [R. 18.] For the reasons that follow, the motion **[R. 18]** is **DENIED**.

**I**

This action arises out of a settlement agreement between the parties. [R. 1-2 at 4.] The parties went to arbitration over a dispute which arose under that agreement. *Id.* at 6. The arbitrator found in Wellcare's favor. *Id.* at 6. Lifepoint brought this action in Franklin Circuit Court seeking an order vacating the arbitration award. [R. 1-2.] After Wellcare removed the action to this Court, Lifepoint asked the Court to remand the case back to state court. [R. 5.] Lifepoint alleged that Wellcare engaged in "snap removal," a controversial practice of removing an action before service to avoid the forum-defendant rule. *See id.* The Court denied the motion to remand because "the unambiguous statutory text permits snap removal and allowing it does not lead to an absurd result." [R. 17 at 13.] Now, the Plaintiffs seek certification of the Order for interlocutory appeal. [R. 18.]

II

Interlocutory orders are not typically appealable until the conclusion of a case. However, this Court retains discretion to certify such orders for appeal if (1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *see also In re City of Memphis*, 293 F. 3d 345, 350 (6th Cir. 2002).

Lifepoint argues that the propriety of snap removal is a controlling question of law because it is "an abstract legal question of jurisdictional significance" which "does not hinge on disputed questions of fact." [R. 18 at 4.] It emphasizes the Court's recognition that district courts within the Sixth Circuit are divided to show that there is a substantial ground for difference of opinion. *Id.* at 5-6. Finally, it claims that an interlocutory appeal will advance the ultimate termination of the litigation because, if the appeal is resolved in its favor, the Court would lose jurisdiction. *Id.* at 8-9.

Wellcare disagrees. It argues that this dispute is "nearing its end" because it went through discovery and dispositive motions in the arbitration process. [R. 20 at 1.] It emphasizes the high burden for certifying an interlocutory appeal. *Id.* at 3. Wellcare specifically refutes Lifepoint's argument that certification is warranted because the Sixth Circuit may determine that this Court does not have jurisdiction over this action. *Id.* at 5-7. It argues that snap removal is a procedural, not jurisdictional, issue, certification would subject every jurisdictional determination to interlocutory review, and that needless expense would not result from denying certification. *Id.* It also argues that snap removal is not a controlling issue of law and does not present a substantial ground for difference of opinion. *Id.* at 7-11.

Interlocutory appeal "is granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002) (citing *Kraus v. Bd. of County Rd. Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966)). "It is well-established that all three statutory requirements must be met for the court to certify an appeal under § 1292(b)." *In re Energy Conversion Devices, Inc.*, 638 B.R. 81, 89 (E.D Mich. Mar. 14, 2022) (quoting *Lang v. Crocker Park LLC*, No. 1:09 CV 1412, 2011 WL 3297865, at *5 (N.D. Ohio July 29, 2011)).

### A

Is the propriety of snap removal a controlling question of law? A question is "controlling" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Baker & Getty Fin. Services, Inc.*, 954 F.2d 1169, 1172 (6th Cir. 1992). Lifepoint suggests that snap removal is controlling because it is "an abstract legal question of jurisdictional significance." [R. 18 at 4.] But Wellcare disagrees, arguing that the forum defendant rule is a procedural, not jurisdictional, rule. [R. 20 at 5.]

The Court agrees that the issue is procedural, not jurisdictional. *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020) ("We begin by recognizing that the forum-defendant rule is a procedural rule and not a jurisdictional one."); *Hackworth v. Guyan Heavy Equip., Inc.*, 613 F. Supp. 2d 908, 912 (E.D. Ky. 2009). Nevertheless, procedural and jurisdictional defects in removal require remand. Accordingly, the propriety of snap removal materially affects this case's outcome because it controls whether the case proceeds in federal or state court. *Regal Stone Ltd. v. Longs Drug Stores Calif., LLC*, 881 F. Supp. 2d 1123, 1131 (N.D. Cal. 2012) ("Resolution of the issue on appeal will determine whether the litigation continues in the district court at all; hence, the question is 'controlling' for purposes of 28 U.S.C. § 1292(b)."); *M & B Oil, Inc. v. Federated Mut. Ins. Co.*, No. 4:21-cv-00250, 2021 WL 4963524,

at *4 (E.D. Miss. Oct. 26, 2021); *see also In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 383-84, 397 (5th Cir. 2009) (suggesting that a plaintiff could have sought an interlocutory appeal after its remand motions based on the forum-defendant rule were denied).

**B**

Is there a substantial ground for difference of opinion on the correctness of the decision? The Sixth Circuit indicated that such a ground exists when "(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question." *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (quoting *City of Dearborn v. Comcast of Mich. III, Inc.*, No. 08–10156, 2008 WL 5084203, at *3 (E.D. Mich. Nov. 24, 2008)). As the Court noted in its prior Order, the absence of controlling circuit guidance on snap removal created a split between district courts within the circuit. [R. 17 at 8-11.] This split is evidence of a substantial ground for difference of opinion. *Miedzianowski*, 735 F.3d at 384.

Wellcare argues that there is not a difference of opinion within the Sixth Circuit because, as the Court noted, "many of those cases arose before any appellate authority existed on the issue." [R. 20 at 10 (citing R. 17 at 7, 8 n.2).] But the in-circuit split certainly exists, regardless of whether there is good reason to depart from some of those cases. Accordingly, there is substantial ground for difference of opinion.

**C**

But even if the first two requirements are satisfied, interlocutory appeal would *not* materially advance the ultimate termination of this litigation. This matter is uniquely situated in comparison to most civil actions because it is a petition to confirm an arbitration award. [*See* R.

4

1.] This distinction is illuminated by the two district courts which have resolved this issue. *M & B Oil*, 2021 WL 4963524, at *4; *Regal Stone*, 881 F. Supp. 2d at 1131. Both specifically addressed whether an appeal over snap removal would materially advance the termination of the litigation. One of those courts stated that "it would benefit both parties and the orderly administration of justice if an early determination of jurisdiction is made." *M & B Oil*, 2021 WL 4963542, at *4 (citing *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 972 (8th Cir. 2011)). The other explained that "an immediate appeal of the order would materially advance the ultimate termination of the litigation in the sense that if the motion to remand were granted, the federal courts would cede jurisdiction of this matter to the California state courts, effectively ending federal litigation of this case." *Regal Stone*, 881 F. Supp. 2d at 1131.

The case at hand is distinct from *M&B* and *Regal Stone* because it seeks vacatur of an arbitration award. [R. 1.] *Regal Stone* involved numerous tort claims and *M&B* was an insurance dispute. 881 F. Supp. 2d at 1125. Accordingly, discovery, summary judgment, and trial would occur between an order denying a motion to remand and any eventual appeal in those cases. But in this matter, only a round of briefing is necessary before the litigation is ultimately terminated. [R. 20 at 3.] As Wellcare states, the "only remaining question is whether the arbitrator's award should be confirmed or vacated." *Id.* In fact, the petition has been briefed and need only be resolved by the Court. Accordingly, interlocutory appeal would not materially advance this litigation's ultimate termination.

**III**

All three requirements for interlocutory appeal are not satisfied in this matter. *See In re Energy Conversion Devices, Inc.*, 638 B.R. at 89. Certifying an appeal would not materially advance the ultimate termination of the litigation because the ultimate termination—resolving

5

the petition—is imminent. Lifepoint will have an opportunity to exercise the appropriate appeal rights. But there is no compelling reason for allowing that to occur before the final resolution of this case. Judicial economy suggests that waiting is the most prudent course. Accordingly, and the Court being sufficiently advised, the motion for certification **[R. 18]** is **DENIED**.

This the 27th day of June, 2023.

Gregory F. Van Tatenhove
United States District Judge